## Stoner v. Nall.

(Decided November 12, 1912.)

### Appeal from Nelson Circuit Court.

Real Estate Broker—Commission—Evidence.—In an action by a real estate broker to recover for services connected with the sale of

real estate, a conversation by the defendant with another real estate broker to the effect that the purchaser was to pay the commission, was not admissible for the purpose of showing that as between the defendant and the purchaser the purchaser was to pay the commission in the event the plaintiff performed the services contemplated by his contract.

JOHN S. KELLY and J. S. BARLOW for appellant.

NAT W. HALSTEAD and D. H. SMITH for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Modifying Opinion and Overruling Petition for Rehearing.

Upon reconsideration of this case, we adhere to our former opinion, holding that what plaintiff, Stoner, said in regard to the farm in question prior to the time of his employment should not have been admitted as evidence.

While it may be true that the character of contract which defendant, Nall, made with Yewell was to a certain extent brought out by plaintiff, this is not true in the case of the witness, Dr. R. W. Deats. He was introduced by the defendant and permitted, over the objection of plaintiff, to testify to the contract he had made with the defendant for the sale of the farm in question. Clearly this evidence was inadmissible.

On another trial the court will exclude this evidence, as well as the evidence of the witness, Yewell, to the effect that Nall told him that Stiles was to pay the commission. As it is evident from Yewell's testimony that this conversation had reference to the contract the defendant had with Yewell alone, it is not admissible, therefore, for the purpose of showing that as between defendant and Stiles, Stiles was to pay the commission in the event that plaintiff performed the services contemplated by his contract.

Our former opinion is modified to the extent herein indicated, and the petition for rehearing is overruled.